UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM LEE SALISBURY, | No. C 08-4680 MHP (pr) |
| Plaintiff, | **ORDER OF SERVICE** |
| v. | |
| LT. MIKE MILLER, | |
| Defendant. | |

## INTRODUCTION

Williams Lee Salisbury, an inmate at Folsom State Prison, filed a pro se civil rights complaint under 42 U.S.C. § 1983 concerning conditions he experienced while incarcerated at Pelican Bay State Prison. His complaint is now before the court for review pursuant to 28 U.S.C. § 1915A.

## BACKGROUND

Salisbury alleges the following in his complaint about events that occurred at Pelican Bay State Prison: Lieutenant Mike Miller demanded sexual favors from Salisbury's wife during her visits to see Salisbury at the prison, and threatened to punish Salisbury if she did not provide those favors for him. Apparently, Salisbury's wife did not provide the sexual favors for Miller. As a result, Salisbury was put in administrative segregation on or about September 24, 2007, based on a false report prepared by lieutenant Coulter as retaliation against Salisbury and his wife. Salisbury claims that Miller extorted and coerced sexual favors from his wife, harassed her at work, and showed her documents from Salisbury's file.

1  Miller allegedly "had [Salisbury] threatened with physical violence for filing a 602
2  inmate appeal" and caused him to be shackled tightly during visits with his wife.  Complaint,
3  p. 3.

## DISCUSSION

5  A federal court must engage in a preliminary screening of any case in which a
6  prisoner seeks redress from a governmental entity or officer or employee of a governmental
7  entity.  See 28 U.S.C. §1915A(a).  The court must identify any cognizable claims, and
8  dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may
9  be granted, or seek monetary relief from a defendant who is immune from such relief.  See
10 28 U.S.C. §1915A(b)(1),(2).

11 To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements:  (1) that
12 a right secured by the Constitution or laws of the United States was violated and (2) that the
13 violation was committed by a person acting under the color of state law.  See West v. Atkins,
14 487 U.S. 42, 48 (1988).

15 Although the allegations of sexual harassment in the complaint, if true, indicate a very
16 serious problem, Salisbury does not have a claim for relief based on them.  The allegations
17 that Salisbury's wife was sexually harassed do not state a claim for a violation of Salisbury's
18 constitutional rights.  His wife has standing to assert such a claim, but Salisbury does not
19 have standing to assert a claim that his wife was sexually harassed.  The constitutional
20 standing requirement derives from Article III, Section 2 of the United States Constitution,
21 which restricts adjudication in federal courts to "Cases" and "Controversies."  Lujan v.
22 Defenders of Wildlife, 504 U.S. 555, 560 (1992).  Article III standing is present only when
23 (1) a plaintiff suffers a concrete, particularized injury which is actual or imminent; (2) there
24 is a causal connection between the injury and the conduct complained of; and (3) the injury
25 will likely be redressed by a favorable decision.  See id. at 560-61.  Even if a plaintiff may be
26 capable of establishing Article III standing, he also must meet the prudential limitations of
27 standing.  See Estate of McKinney v. United States, 71 F.3d 779, 782 (9th Cir. 1995).  These
28 limitations require that plaintiff "'(1) assert his own rights, rather than rely on the rights or

*United States District Court*
*For the Northern District of California*

2

interests of third parties; (2) allege an injury that is more than a generalized grievance; and (3) allege an interest that is arguably within the zone of interests protected or regulated by the statute or constitutional guarantee in question.'" See id. at 782 n.4 (quoting Hong Kong Supermarket v. Kizer, 830 F.2d 1078, 1081 (9th Cir. 1987)).  The sexual harassment claim is dismissed without prejudice to Salisbury's wife filing a complaint for sexual harassment.

The allegation that Salisbury has been retaliated against because his wife will not provide sexual favors for Miller also does not state a cognizable § 1983 claim because the alleged retaliation was not in response to First Amendment activity.  Retaliation is actionable under § 1983 when it is in response to First Amendment activity by the plaintiff.  See Mt. Healthy City Bd. of Educ. v. Doyle, 429 U.S. 274, 283-84 (1977); Mendocino Envtl. Ctr. v. Mendocino County, 192 F.3d 1283, 1300 (9th Cir. 1999) (defendant's intent to inhibit the exercise of First Amendment rights is an element of the claim).  A § 1983 retaliation claim is not stated because the retaliatory acts in response to Salisbury's wife's refusal to provide sexual favors were not in response to First Amendment activity by Salisbury.

The allegations in the complaint that lieutenant Coulter prepared a false report to justify Salisbury's placement in administrative segregation on September 24, 2007 do not state a claim upon which relief may be granted.  A prisoner has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest.  Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989); Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986).  As long as a prisoner is afforded procedural due process in the disciplinary hearing, allegations of a fabricated charge fail to state a claim under § 1983, Hanrahan v. Lane, 747 F.2d 1137, 1140-41 (7th Cir. 1984), and Salisbury has not made any allegation that he was not afforded procedural due process in connection with his placement in administrative segregation.  The claim for a false report is dismissed.

The one claim that is stated is a retaliation claim based on lieutenant Miller's adverse actions in response to Salisbury filing an inmate appeal.  Salisbury alleges that Miller had him threatened with physical violence and caused him to be shackled tightly in restraints

3

during visitation in response to Salisbury filing an inmate appeal. Liberally construed, these allegations state a cognizable § 1983 claim for retaliation. See Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) ("Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.")

## CONCLUSION

For the foregoing reasons,

1. Plaintiff has stated a cognizable § 1983 claim against correctional lieutenant Miller for retaliation in response to plaintiff's First Amendment activity of filing an inmate grievance. All other defendants and claims are dismissed.

2. The clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, a copy of the complaint and this order upon Mike Miller, a correctional lieutenant apparently employed at Pelican Bay State Prison.

3. In order to expedite the resolution of this case, the following briefing schedule for dispositive motions is set:

    a. No later than **June 19, 2009**, defendant must file and serve a motion for summary judgment or other dispositive motion. If defendant is of the opinion that this case cannot be resolved by summary judgment, he must so inform the court prior to the date the motion is due.

    b. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the court and served upon defendant no later than **July 24, 2009**. Plaintiff must bear in mind the following notice and warning regarding summary judgment as he prepares his opposition to any summary judgment motion:

> The defendants may make a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for

summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. (See Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998).

      c.     If defendant wishes to file a reply brief, he must file and serve the reply brief no later than **August 14, 2009**.

    4.     All communications by plaintiff with the court must be served on a defendant's counsel by mailing a true copy of the document to defendant's counsel. The court may disregard any document which a party files but fails to send a copy of to his opponent. Until a defendant's counsel has been designated, plaintiff may mail a true copy of the document directly to defendant, but once a defendant is represented by counsel, all documents must be mailed to counsel rather than directly to that defendant.

    5.     Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

    6.     Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to this court for consideration in this case.

IT IS SO ORDERED.

Dated: March 17, 2009

_____
Marilyn Hall Patel
United States District Judge

5