1
2
3
4
5          UNITED STATES DISTRICT COURT
6          NORTHERN DISTRICT OF CALIFORNIA
7
8   WILLIAM LEE SALISBURY,              No. C 08-4680 MHP (pr)
9              Plaintiff,              **ORDER**
10         v.
11  LT. MIKE MILLER,
12             Defendant.
                                    /
13  ───────────────────────────────
14         The court earlier reviewed the complaint in this pro se prisoner's civil rights action,

15  found that it stated a claim against lieutenant Mike Miller at Pelican Bay State Prison, and

16  ordered the U.S. Marshal to serve process on Miller.  The clerk issued a summons to "Lt.

17  Mike Miller" at Pelican Bay and sent it with a service of process package to the Marshal's

18  Service.

19         The Marshal's Service representative reported to the court (via the "remarks" box on

20  the process receipt and return form) that the attempt to serve Miller at Pelican Bay State

21  Prison was unsuccessful.  The litigation coordinator at the prison had informed the Marshal's

22  Service that there was "more than one Mike Miller at PBSP" and he "need[ed] more info."

23  Docket # 10.  Service of process thus was not accomplished by the Marshal.

24         Plaintiff sent a letter to the court in which he disputed the Marshal Service's

25  representative's report that service could not be accomplished because there was more than

26  one Mike Miller and that further information was needed to specify which Mike Miller was

27  to be served.  First, plaintiff stated that he had specified the defendant as *lieutenant* Mike

28

Miller.  That may be true, but that information was already provided to the litigation

coordinator and didn't solve the problem.  The summons was specifically addressed to Lt.

Mike Miller and that summons would have been seen by the litigation coordinator.  Second,

plaintiff stated that lieutenant Mike Miller misleadingly told the Marshal that there was more

than one Lt. Mike Miller employed at Pelican Bay once he realized he was to be served with

process.  This is complete speculation, and is contrary to the record: the Marshal's Service

representative has reported that the litigation coordinator and not an individual named Mike

Miller reported that there was more than one Mike Miller.  Plaintiff has not made a

convincing case that defendant was served by the Marshal.

Plaintiff has filed a motion for default judgment.  In his motion, he stated that default

judgment was proper because the defendant had failed or refused to file a response "to a

properly served summons, and complaint."  Motion, p. 1.  In his declaration in support of his

motion, he stated: "On September 24, 2008, I did serve a complaint on the defendant Lt.

Mike Miller" and Miller had not filed a reply.  Declaration, ¶ 2-4.  Notwithstanding plaintiff's

statement to the contrary, his efforts did not accomplish service of process in compliance

with Federal Rule of Civil Procedure 4.  First, there was no summons served with the

complaint, nor could there have been because plaintiff's alleged service on the defendant took

place several weeks before this action was even filed, when no summons had issued and

when no deadlines would have existed.  See Fed. R. Civ. P. 4(c)(1).  Second, the summons

and complaint must be served by a non-party, which meant that plaintiff could not personally

serve the defendant.  See Fed. R. Civ. P. 4(c)(2).  In short, plaintiff's activities on September

24, 2008 were ineffectual to serve process on defendant Miller.  Since service of process has

not been accomplished, it cannot be said that defendant Miller "has failed to plead or

otherwise defend."  See Fed. R. Civ. P. 55.  Plaintiff is not entitled to default or a default

judgment.  The motion for default judgment therefore is DENIED.  (Docket # 9.)

Plaintiff must submit more specific identifying information about this defendant so

that the Marshal may again attempt service of process.  No later than **March 19, 2010**,

plaintiff must send to the court a letter in which he describes his lieutenant Mike Marshal

physically, states the particular section of the prison in which Miller works, and/or provides any other relevant information that might help the prison locate this defendant if he still works there.  If plaintiff fails to provide the information, or the Marshal is unable to serve the defendant using the information plaintiff does provide, the court will dismiss the action without prejudice for failure to timely accomplish service in compliance with Federal Rule of Civil Procedure 4(m).

IT IS SO ORDERED.

Dated: February 10, 2010

Marilyn Hall Patel
United States District Judge