UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM LEE SALISBURY, | No. C 08-4680 MHP (pr) |
| Plaintiff, | **ORDER** |
| v. | |
| LT. MIKE MILLER, | |
| Defendant. | |

The court earlier reviewed the complaint in this pro se prisoner's civil rights action, found that it stated a claim against lieutenant Mike Miller at Pelican Bay State Prison, and ordered the U.S. Marshal to serve process on Miller. The clerk issued a summons to "Lt. Mike Miller" at Pelican Bay and sent it with a service of process package to the Marshal's Service.

The Marshal's Service representative reported to the court (via the "remarks" box on the process receipt and return form) that the attempt to serve Miller at Pelican Bay State Prison was unsuccessful. The litigation coordinator at the prison had informed the Marshal's Service that there was "more than one Mike Miller at PBSP" and he "need[ed] more info." Docket # 10. Service of process thus was not accomplished by the Marshal.

Plaintiff sent a letter to the court in which he disputed the Marshal Service's representative's report that service could not be accomplished because there was more than one Mike Miller and that further information was needed to specify which Mike Miller was to be served. First, plaintiff stated that he had specified the defendant as *lieutenant* Mike

1     Miller. That may be true, but that information was already provided to the litigation
2 coordinator and didn't solve the problem.  The summons was specifically addressed to Lt.
3 Mike Miller and that summons would have been seen by the litigation coordinator.  Second,
4 plaintiff stated that lieutenant Mike Miller misleadingly told the Marshal that there was more
5 than one Lt. Mike Miller employed at Pelican Bay once he realized he was to be served with
6 process.  This is complete speculation, and is contrary to the record: the Marshal's Service
7 representative has reported that the litigation coordinator and not an individual named Mike
8 Miller reported that there was more than one Mike Miller.  Plaintiff has not made a
9 convincing case that defendant was served by the Marshal.

10        Plaintiff has filed a motion for default judgment.  In his motion, he stated that default
11 judgment was proper because the defendant had failed or refused to file a response "to a
12 properly served summons, and complaint."  Motion, p. 1.  In his declaration in support of his
13 motion, he stated: "On September 24, 2008, I did serve a complaint on the defendant Lt.
14 Mike Miller" and Miller had not filed a reply.  Declaration, ¶ 2-4.  Notwithstanding plaintiff's
15 statement to the contrary, his efforts did not accomplish service of process in compliance
16 with Federal Rule of Civil Procedure 4.  First, there was no summons served with the
17 complaint, nor could there have been because plaintiff's alleged service on the defendant took
18 place several weeks before this action was even filed, when no summons had issued and
19 when no deadlines would have existed.  See Fed. R. Civ. P. 4(c)(1).  Second, the summons
20 and complaint must be served by a non-party, which meant that plaintiff could not personally
21 serve the defendant.  See Fed. R. Civ. P. 4(c)(2).  In short, plaintiff's activities on September
22 24, 2008 were ineffectual to serve process on defendant Miller.  Since service of process has
23 not been accomplished, it cannot be said that defendant Miller "has failed to plead or
24 otherwise defend."  See Fed. R. Civ. P. 55.  Plaintiff is not entitled to default or a default
25 judgment.  The motion for default judgment therefore is DENIED.  (Docket # 9.)

26     Plaintiff must submit more specific identifying information about this defendant so
27 that the Marshal may again attempt service of process.  No later than **March 19, 2010**,
28 plaintiff must send to the court a letter in which he describes his lieutenant Mike Marshal

2

physically, states the particular section of the prison in which Miller works, and/or provides any other relevant information that might help the prison locate this defendant if he still works there. If plaintiff fails to provide the information, or the Marshal is unable to serve the defendant using the information plaintiff does provide, the court will dismiss the action without prejudice for failure to timely accomplish service in compliance with Federal Rule of Civil Procedure 4(m).

IT IS SO ORDERED.

Dated: February 10, 2010

_____
Marilyn Hall Patel
United States District Judge